

FILED & ENTERED

OCT 24 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. 2:14-bk-24088-RK |
| **DAVID MBOGO KIRUBI,** | Chapter 7 |
| Debtor. | **MEMORANDUM DECISION AND ORDER DENYING DEBTOR'S MOTION TO REOPEN CASE AND FOR EXTENSION OF TIME TO FILE FORMS REQUIRED FOR DISCHARGE** |

Pending before the court is the motion of Debtor David Mbogo Kirubi ("Debtor"), who is representing himself in this bankruptcy case, to reopen the case and for extension of time to file forms required for discharge ("Motion"), Electronic Case Filing (ECF) No. 13, which was filed on October 20, 2016, more than two years after the court dismissed Debtor's bankruptcy case by a final order entered on September 18, 2014 for Debtor's failures to appear for examination at the initial and continued Section 341(a) meetings of creditors, ECF 9 and 10.  In his declaration in support of the Motion, Debtor states:

> I was taking care of my dad who was suffering from a severe form of prostate cancer.  It took time and resources and the case was closed while taking care of him.  Now he is fully recovered I am requesting for case to be reopened so I can get back on financial footing.

1  Declaration of Debtor, ECF 13, filed on October 20, 2016.  Pursuant to Local Bankruptcy
2  Rule 5010-1(e), the court may consider and rule upon the motion without hearing.
3  Having carefully considered Debtor's Motion and the matters on the case docket in this
4  case, the court hereby rules as follows:
5         On its face, Debtor in his Motion seeks to relief to reopen his bankruptcy case
6  which was previously closed and for an extension of time to file forms required for his
7  bankruptcy discharge in this case.  Nonetheless, a review of this case's docket reflects
8  that Debtor's bankruptcy case was not closed because of a failure to timely file such
9  forms, but rather, the bankruptcy case was dismissed by prior order of the court because
10 Debtor failed to appear at both the initial and continued meetings of creditors under 11
11 U.S.C. § 341(a).  *See* ECF 1, 7, 8, 9 and 10.  Therefore, while it appears that Debtor is
12 simply requesting that his bankruptcy case be reopened so he may obtain a discharge in
13 this case, there is more to his motion than is shown on the face of the motion.  That is, in
14 order for Debtor to obtain a bankruptcy discharge in this closed case, Debtor would have
15 to have the court not only reopen the case, but also vacate the dismissal order and
16 reinstate the case.  Debtor's Motion to reopen the bankruptcy case does not state any of
17 this, nor does Debtor in his Motion does not state any legal grounds to vacate the final
18 dismissal order in this case and to reinstate the case for him to obtain a bankruptcy
19 discharge.
20        The factual grounds stated in Debtor's declaration might state a claim for relief
21 based on mistake or "excusable neglect".  That is, Debtor would contend that his failures
22 to appear at the initial and continued meetings of creditors were due to "excusable
23 neglect" arising from Debtor caring for his father.  Because Debtor's request to reopen
24 the bankruptcy case and his apparent claim for relief from the order dismissing the case
25 would appear to be based on excusable neglect, the court determines that Federal Rule
26 of Bankruptcy Procedure 9024, which incorporates by reference Federal Rule of Civil
27 Procedure 60(b)(1), applies to the final order of dismissal of this case.  Federal Rule of
28

Civil Procedure 60(b)(1) provides that the court may relieve a party or its legal representative from a final judgment, order, or proceeding on motion and just terms for "mistake, inadvertence, surprise, or excusable neglect."

Nonetheless, Federal Rule of Civil Procedure 60(b)(1) specifically provides that such a motion for relief from judgment or order based on excusable neglect under Federal Rule of Civil Procedure 60(b)(1) must be made within a reasonable time, and no more than a year after the entry of the judgment or order on the date of the proceeding. Federal Rule of Civil Procedure 60(b)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2) and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Because Debtor filed his Motion to reopen the bankruptcy case on October 20, 2016, which is more than a year after the entry of the final order for dismissal of the case on September 18, 2014, the order Debtor would need to vacate in order to obtain a bankruptcy discharge in this case, the Motion to reopen the closed case was filed outside of the one-year deadline of September 18, 2015 under Federal Rule of Civil Procedure 60(b)(1), and therefore, is untimely because even if the case were reopened, Debtor is time-barred from filing a motion to vacate the dismissal order under Federal Rule of Civil Procedure 60(b)(1).

Although the court is sympathetic to Debtor's personal circumstances, unfortunately, due to Federal Rule of Civil Procedure 60(b)(1), the court lacks legal authority to vacate the order for dismissal of the bankruptcy case because he did not file any motion to vacate the dismissal timely before the one-year deadline passed on September 18, 2015, and thus, there is no point in granting the Motion to reopen the bankruptcy case since it is now too late to file a motion to vacate the dismissal order so that the court may enter a bankruptcy discharge in this case, and therefore, the court should deny Debtor's motion to reopen the case, and therefore, the court cannot accord relief to the debtor under 11 U.S.C. § 350(b). 4 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy*, ¶ 23:130 at 23-16 (2015) ("Reopening a closed case may be

1 denied when . . . there is *no legal basis* for granting such relief."), *citing, In re Cortez*, 191 B.R. 174, 179 (9th Cir. BAP 1995); *see also, In re Piggee*, 2016 WL 3980978, slip op. at *1-2 (Bankr. C.D. Cal. 2016) (unpublished decision).

For the foregoing reasons, IT IS HEREBY ORDERED that Debtor's Motion to reopen this closed bankruptcy case and for extension of time to file forms required for discharge is DENIED.

IT IS SO ORDERED.

###

Date: October 24, 2016

Robert Kwan
United States Bankruptcy Judge